IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SANDRA NEWBERRY,

            Plaintiff,                            11cv0221

                                               **ELECTRONICALLY**
      v.                                               **FILED**

VICKI LENHART

            Defendant.

## Memorandum Opinion

*Pro se* plaintiff, Sandra Newberry, filed a one page complaint in this Court alleging "perjury, slander, misrepresentation, omission, and defamation," based upon her allegations that she was improperly removed as a foster/adoptive parent by defendant, Vicki Lenhart, of the Office of Children and Youth, Western Division. Although in her civil cover sheet, she alleges that the civil rights of a toddler who was removed from her home were violated as well, the complaint does not name the toddler as a party, nor does it seek to redress any civil rights violations on behalf of the child. Rather, plaintiff states in her complaint that she seeks to have the toddler returned to her and that she requests her case be heard by Administrative Law Judge Sharon Fox-Zanotto (who is not a member of this Court). Of particular note, plaintiff alleges that she failed to appeal an "adjudication" dated August 10, 2010, and that "the reason for filing in Federal Court is so that [she] can get a fair trial."

This Court will *sua sponte* dismiss this case because the factual allegations in the complaint fail to even remotely raise a violation of plaintiff's civil rights and this action appears to be nothing more than a collateral attack on a state court judgment or adjudication (Plaintiff alleges "My last adjudication (although falsified also) was dated August 10, 2010. I was given

the opportunity to appeal, but I chose this route instead."). This "Cause of Action" therefore raises insurmountable *Rooker-Feldman* hurdles. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

The *Rooker-Feldman* doctrine is a question of federal subject matter jurisdiction that this Court is not free to ignore. *Gulla v. North Strabane Township*, 146 F.3d 168, 170-71 (3d Cir. 1998). "Under the *Rooker-Feldman* doctrine, lower federal courts cannot entertain [federal] claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996). Moreover, the state level decision need not be of its highest court, and the *Rooker-Feldman* doctrine applies equally to final decisions of trial level state courts. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 364 F.3d 102, 104 (3d Cir. 2004), *citing FOCUS*, 75 F.3d at 840.

Given the liberality with which federal courts construe *pro se* complaints, this Court would ordinarily give plaintiff an opportunity to show cause why this action should not be dismissed for want of subject matter jurisdiction. However, plaintiff's affirmative averments demonstrate that, even if the complaint could be read to sustain a federal question, her cause of action is a "spin-off" of a state court action or adjudication, that it suffers a fatal *Rooker-Feldman* defect, and that it must, therefore, be dismissed with prejudice.

Furthermore, 28 U.S.C. § 1915 (e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> 
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal--
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(d) (the predecessor to section 1915 (e)(2)[1]) was clarified by the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989). Dismissal is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." *Id.* at 327.

Accordingly, given that this Court lacks subject matter jurisdiction, this Court will *sua sponte* dismiss this action as frivolous under 28 U.S.C. §1915. An appropriate order follows.


                                               s/Arthur J. Schwab
                                               Arthur J. Schwab
                                               United States District Judge


cc: All Registered ECF Counsel and Parties

Sandra Newberry, Pro Se
50 West Main Street, Suite 1005
Uniontown, PA 15401

---

[1] Although much of the language in the current in forma pauperis statute, 28 U.S.C. § 1915, deals with prisoners, section 1915(e)(2) is not limited to prisoner suits. *Powell v. Hoover*, 956 F.Supp. 564 .(M.D.PA. 1997).